FILED
SEP 0 2 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE AVERHART, <br><br> Plaintiff, <br><br> v. <br><br> COOK COUNTY SHERIFF'S DEPARTMENT, <br> MICHAEL SHEAHAN, Sheriff of Cook County, <br> COOK COUNTY SHERIFF'S MERIT BOARD, <br> JAMES P. NALLY, ROBERT F. HOGAN, <br> MICHAEL D. CAREY, ARTHUR R. WADDY, <br> MARYNELL O. GREER, JEROME F. MARCORNI, JR., <br> DONALD J. STORINO, BRYON BRAZIER <br> GEORGE P. CAHILL, and COUNTY OF COOK, <br><br> Defendants. | Case No. 05 C 5082 <br><br> Demand for Jury Trial |

## COMPLAINT

Plaintiff, YVONNE AVERHART, by and through her attorneys, The Langone Law Firm, bring this complaint against THE COOK COUNTY SHERIFF'S DEPARTMENT, MICHAEL F. SHEAHAN, Sheriff of the Cook County, COOK COUNTY SHERIFF'S MERIT BOARD, JAMES P. NALLY, ROBERT F. HOGAN, MICHAEL D. CAREY, ARTHUR R. WADDY, MARYNELL O. GREER, BRYON BRAZIER, GEORGE P. CAHILL, and COUNTY OF COOK.

*Parties*

1. Plaintiff, YVONNE AVERHART, ("Averhart"), is an individual and a citizen of the State of Illinois and was a deputy sheriff at the Cook County Jail within the Cook County Department of Corrections, ("DOC"). Plaintiff demand a trial by jury.

1

2. Defendant, JAMES P. NALLY, is an individual and citizen of the State of Illinois, and is the Chairman of The Cook County Sheriff's Merit Board and is being sued in his official capacity.

3. Defendant, MICHAEL D. CAREY is an individual and citizen of the State of Illinois, and is the Vice Chairman of The Cook County Sheriff's Merit Board and is being sued in his official capacity.

4. Defendant, ROBERT F. HOGAN is an individual and citizen of the State of Illinois, and is a board member of The Cook County Sheriff's Merit Board and is being sued in his official capacity.

5. Defendant, JEROME F. MARCONI, JR., is an individual and citizen of the State of Illinois, and is a board member of The Cook County Sheriff's Merit Board and is being sued in his official capacity.

6. Defendant, ARTHUR R. WADDY is an individual and citizen of the state of Illinois, and is the secretary of The Cook County Sheriffs's Merit Board and is being sued in his official capacity.

7. Defendant, MARYNELL O. GREER is and individual and citizen of the State of Illinois, and is a board member of The Cook County Sheriffs's Merit Board and is being sued in her official capacity.

8. Defendant, DONALD J. STORINO is an individual and citizen of the state of Illinois, and is a board member of The Cook County Sheriff's Merit Board and is being sued in his official capacity.

9. Defendant, BRYON BRAZIER is an individual and citizen of the State of Illinois, and is a board member of The Cook County Sheriff's Merit Board and is being sued in his official capacity.

10. Defendant, GEORGE P. CAHILL is an individual and citizen of the State of Illinois, and is a board member of The Cook County Sheriff's Merit Board and is being sued in his official capacity.

11. Defendant, MICHAEL SHEAHAN, SHERIFF OF COOK COUNTY, the COOK

COUNTY SHERIFF'S MERIT BOARD, and the COUNTY OF COOK (collectively the "Merit Board") are sued in their official capacities.

## Jurisdiction and Venue

12. Federal question jurisdiction exists under 28 U.S.C. §1331 because Plaintiff claims aries under 42 U.S.C. §2000e et seq and 42 U.S.C. Section 1983. Supplemental jurisdiction over the state law claims exist under 28 U.S.C. §1367.

13. Venue is proper in this district under 28 U.S.C. §1391(b) because the actions and injuries complained of occurred in substantial part in the Northern District of Illinois, and because the Merit Board is located and transacts business in this district.

## Factual Allegations

14. Yvonne Averhart is an African-American female who was employed as a Sheriff with the Cook County Corrections Department and the Cook County Sherif's Office.

15. Plaintiff began her employment with the Cook County Department of Corrections/Cook County Sheriff's Department on or about December 16, 1986.

16. From 1986-1999 she served as an officer and partook in yearly performance reviews.

17. Each yearly performance review resulted in evaluations of "good" to "very good" nature.

18. Plaintiff received no "write-ups" or reports on rule infractions during the years 1986-1999.

19. In 1999, Officer Averhart provided deposition testimony on behalf of a co-worker, Valerie Smith, who had filed a sexual harassment lawsuit against Cook County Correction Department.

20. Around the time of giving this deposition, Plaintiff became the recipient of a pattern of harassment and abusive treatment, primarily being accused of various disciplinary code violations.

21. On September 5, 2000, Yvonne Averhart filed an EEOC charge (EEOC charge 210A04317) against the Cook County Department of Correction and the Cook County.

22. On April 19, 2001, the EEOC issued the a Right to Sue letter. And on July 18, 2001, within the 90 day limitation period, Plaintiff filed a lawsuit against the Cook County Department of Corrections and the Cook County Sheriff's Department ((Case No. 01 C 5569) alleging retaliation, discrimination and intentional infliction of emotional distress.

23. On May 10, 2001, Michael Sheahan, Sheriff of Cook County, filed a complaint against Plaintiff in the Cook County Sheriff's Merit Board. The Sheriff sought the termination of Plaintiff's employment with to Cook County Sheriff's Department if the Merit Board should find Plaintiff guilty of the allegations.

24. Following the Sheriff's filing of a complaint against Plaintiff, the Merit Board suspended her without pay pending the resolution of its investigation.

25. Plaintiff maintains that similarly situated non-African Americans and/or male employees of the Cook County Sheriff's Department to continue their employment and/or were temporarily suspended during the investigation and/or Board hearing.

26. On January 23, 2002, Plaintiff filed another EEOC charge against Michael Sheahan, Sheriff of Cook County, in his official capacity (EEOC charge No. 210A201475) alleging retaliation.

27. In or around June of 2002, within 90 days of receipt of a right to sue letter, Plaintiff filed another lawsuit against the Michael Sheahan, Sheriff of Cook County, in his official capacity, (Case No. 02 C 3981) alleging retaliation.

28. On June 11, 2003, while Plaintiff's federal lawsuits were pending, Plaintiff received notice

of the Merit Board's decision to terminate her employment.

29. Plaintiff maintains that the Merit Board allowed similarly situated non-African Americans and/or male employees of the Cook County Sheriff's Department were allowed to continue their employment following an investigation and/or hearing.

30. Additionally, Plaintiff believes that she was terminated in retaliation for engaging in protected activities, such as filing and participating in EEOC claims and lawsuits against the Cook County Sheriff's Department.

31. On July 17, 2003, Plaintiff filed an Administrative Review Complaint against the Cook County Sheriff's Department, the members of the Merit Board, and Cook County in the Circuit Court of Cook County, Chancery Division (03 CH 11254). In Plaintiff's complaint she alleged that the Merit Board lack evidence upon which to support its decision of guilt and termination.

32. On September 9, 2004, Magistrate Judge Key entered an order granting Cook County Sheriff's Department's Motion for Summary Judgment, and Plaintiff's filed a Notice of Appeal of October 7, 2004. Plaintiff's Appeal is currently pending before the Seventh Circuit Court of Appeals.

33. On December 16, 2004, Judge Donnersberger reversed the Merit Board decision, and remanded the case back to the Merit Board with directions that it was to consider the entire record prior rendering a decision that Plaintiff was guilty of the allegations in the Sheriff's complaint.

34. On April 25, 2005, the Merit Board re-affirmed its decision to terminate Plaintiff.

35. Plaintiff maintains that her termination was upheld in retaliation for engaging in protected activities, such as filing and participating in EEOC claims and lawsuits against the Cook County Sheriff's Department.

36. On May 13, 2005, Plaintiff filed a charge with the EEOC (EEOC charge no. 210-2005-05091)alleging racial discrimination, sexual discrimination, and retaliation. Exhibit A

37. On June 7, 2005, the Department of Justice issued to Plaintiff a Notice of Right to Sue. Exhibit B.

## *COUNT I*
### *Violation of Title VII of the Civil Rights Act of 1964 (42 USC 20003 et seq.) - Racial Discrimination*

38. Plaintiff incorporates and re-alleges paragraphs 1-39 into this count.

39. Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. in that Defendant terminated Plaintiff based on her race, and Plaintiff is treated differently and more harshly than similarly situated while an officer of the Sheriff's Department and Cook County Department of Corrections.

40. A database of decisions rendered by the Merit Board provides statistical evidence of the disparate treatment among the different races employed by the Cook County Sheriff's Department.

**WHEREFORE**, Plaintiff, YVONNE AVERHART, requests that judgment be entered in her favor and against Defendant and that Plaintiff be awarded:

    a) compensatory damages, including back pay, benefits, and emotional distress damages;
    b) reinstatement, or in the alternative, front pay;
    c) reasonable attorneys fees, litigation costs and expenses; and
    d) all other appropriate legal, equitable and statutory remedies as the interests of justice require.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964 (42 USC 20003 et seq.) - Sex Discrimination

41. Plaintiff incorporates and re-alleges paragraphs 1-39 into this count.

42. Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. in that Defendant terminated Plaintiff based on her sex, and Plaintiff is treated differently and more harshly than similarly situated while an officer of the Sheriff's Department and Cook County Department of Corrections.

43. A database of decisions rendered by the Merit Board provides statistical evidence of the disparate treatment between male and female employees of the Cook County Sheriff's Department.

**WHEREFORE**, Plaintiff, YVONNE AVERHART, requests that judgment be entered in her favor and against Defendant and that Plaintiff be awarded:

- a) compensatory damages, including back pay, benefits, and emotional distress damages;
- b) reinstatement, or in the alternative, front pay;
- c) reasonable attorneys fees, litigation costs and expenses; and
- d) all other appropriate legal, equitable and statutory remedies as the interests of justice require.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964 (42 USC 20003 et seq.) - Retaliation

44. Plaintiff incorporates and re-alleges paragraphs 1-39 into this count.

45. Defendant committed acts of Retaliation in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. in that Defendant terminated Plaintiff for asserting her rights as provided in said Civil Rights Act of 1964.

46. Plaintiff was engaged in a protected activity by speaking out against sexual harassment and filing EEOC charges and lawsuits against Cook County Sheriff's Department, Michael Sheahan, Cook County Sheriff, in his official capacity, and members of the Merit Board.

47. Plaintiff suffered the following adverse employment actions: 1) May of 2001, plaintiff was suspended without pay pending the resolution of a Merit Board investigation; June 11, 2003, the Merit Board terminated Plaintiff from her position with the Cook County Sheriff's Department and Cook County Department of Corrections; and 3) on April 25, 2005, after being ordered to re-examine the record, the Merit Board re-affirmed its termination of Plaintiff.

48. There is a casual connection between Plaintiff's engaging in protected activity and her suspension and subsequent terminations.

49. On information and belief the Cook County Sheriff's Merit Board holds animus against employees who file charges and/or lawsuits against the Cook County Sheriff's Department.

50. Plaintiff has suffered damages as a result of Defendant's wrongful conduct.

**WHEREFORE**, Plaintiff, YVONNE AVERHART, requests that judgment be entered in her favor and against Defendant and that Plaintiff be awarded:

    a) compensatory damages, including back pay, benefits, and emotional distress damages;
    b) reinstatement, or in the alternative, front pay;
    c) reasonable attorneys fees, litigation costs and expenses; and
    d) all other appropriate legal, equitable and statutory remedies as the interests of justice require.

Respectfully Submitted,
Yvonne Averhart, Plaintiff

One of Her Attorneys

Christopher Langone
Craig Frish
Saul Modestas
DaToya Burtin
Mark Lavery, *Of Counsel*
The Langone Law Firm
25 E. Washington, Suite 1805
Chicago, IL 60602
(312)782-2000

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 210-2005-05091 |

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Yvonne Averhart | (773) 995-0312 | 12-13-1956 |

Street Address: 9408 S. Yale Chicago, IL 60620

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COOK COUNTY SHERIFF'S DEPARTMENT | 500 or More | (312) 603-0170 |

Street Address: 69 W Washington, Chicago, IL 60602

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COOK COUNTY SHERIFF'S MERIT BOARD <br> JAMES P. NALLY; MICHAEL D. CAREY; ARTHUR R. WADDY; MARYNELL O. GREER; ROBERT F. HOGAN; JEROME F. MARCONI; DONALD J. STORINO; BYRON BRAZIER; GEORGE P. CAHILL | | |

Street Address: 69 W Washington, Chicago, IL 60602

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-25-2005 Latest: 04-25-2005
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by the Respondent since December 1986 as a Correctional Officer. I participated in a protected activity in 1994 and 1996 regarding a claim of sexual harassment. On August 8, 2000, I filed an EEOC Charge against the Respondent (EEOC Charge No. 210-2000-04317) alleging race, retaliation, and disability discrimination. On January 18, 2001 I filed a lawsuit against the Respondent alleging race, sex, and retaliation discrimination (Case No. 01-C-5569). On January 23, 2002 I filed another EEOC Charge against the Respondent (EEOC Charge No. 210-2002-01475) alleging retaliation discrimination. In June 2002, I filed a lawsuit against the Respondent alleging race, sex, and retaliation discrimination (Case No. 02-C-3981). On April 25, 2005 I was discharged.

I believe that I have been discriminated against on the basis of my race, Black, sex, female, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I have been discriminated against on the basis of retaliation in violation of the Americans With Disabilities Act of 1990.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

MAY 13 2005

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

CHICAGO DISTRICT OFFICE

I declare under penalty of perjury that the above is true and correct.

May 13, 2005
Date | Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

CHARGE NUMBER: _210-2005-05041_

CHARGING PARTY: _Yvonne Aubuchart_

RESPONDENT: _Cook County Sheriff Dept / Cook County Circuit Court_

I request that the Department of Justice issue me a Notice of Right to Sue against the above named Respondent. I understand that the Commission will cease processing my case when it receives my request.

DATE: _5-13-2005_

_____
(Signature)

_9468 S. Yale_
(Address)

_Chgo, IL 60628_
(City, State & Zip Code)

_773 995-0512_
(Telephone Number)

U.S. Department of Justice

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5062 5023

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

Ms. Yvonne Averhart
9408 S. Yale Ave.
Chicago, IL 60620-1519

June 7, 2005

Re: EEOC Charge Against Cook County Sheriff's Department, et al.
No. 210200505091

Dear Ms. Averhart:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil Rights Division

by *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Chicago District Office, EEOC
Cook County Sheriff's Department, et al.

EXHIBIT
B